IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRENDA GROFF,                                 3:15-CV-01252-BR

      Plaintiff,                         OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

      Defendant.


**GEORGE J. WALL**
1336 E. Burnside
Suite 130
Portland, OR 97214
(503) 236-006

      Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**SARAH L. MARTIN**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3705

       Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Brenda Groff seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

    Plaintiff filed an application for SSI on November 10, 2011, and alleged a disability onset date of May 15, 2008. Tr. 103.[1] Her application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on July 30, 2013. Tr. 42-70. At the hearing Plaintiff

---

    [1] Citations to the official transcript of record filed by the Commissioner on November 10, 2015, are referred to as "Tr."

2 - OPINION AND ORDER

and a vocational expert (VE) testified.  Plaintiff was represented by an attorney.

On December 11, 2013, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 19-39.  On May 21, 2015, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 1-7.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on September 20, 1976, and was 36 years old at the time of the hearing.  Tr. 71.  Plaintiff has a GED.  Tr. 311.  She has past relevant work experience as a service-station attendant, service-station cashier, telemarketer, medical assistant, phlebotomist, and crater.  Tr. 31.

Plaintiff alleges disability due to bipolar disorder, anxiety, attention deficit hyperactivity disorder (ADHD), depression, and arthritis "in back."  Tr. 73.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 28-30.

3 - OPINION AND ORDER

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

4 - OPINION AND ORDER

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(b).  *See also Keyser v. Comm'r of*

5 - OPINION AND ORDER

*Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 416.920©. *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's Residual Functional Capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.945(a). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885

F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her November 10, 2011, application date.  Tr. 24.

At Step Two the ALJ found Plaintiff has the severe impairments of bipolar disorder, obsessive-compulsive disorder

7 - OPINION AND ORDER

(OCD), and cervical and lumbar spine degenerative disc disease. Tr. 24. The ALJ found Plaintiff's post-traumatic stress disorder (PTSD), pain disorder, and panic disorder are not severe. Tr. 24.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1. The ALJ found Plaintiff has the RFC to perform light work. Tr. 27. The ALJ also found Plaintiff can perform "unskilled, repetitive, routine work." Tr. 27. The ALJ found Plaintiff can have occasional contact with coworkers and supervisors but no contact with the public. Tr. 27. The ALJ also found Plaintiff "will be off-task 9% of the time [and] will be absent from work 1 time per month." Tr. 27.

At Step Four the ALJ concluded Plaintiff is unable to perform her past relevant work. Tr. 31.

At Step Five, however, the ALJ found Plaintiff is capable of performing other jobs existing in the national economy. Accordingly, the ALJ found Plaintiff is not disabled.

## **DISCUSSION**

Plaintiff contends (1) evidence submitted for the first time to the Appeals Council undermines the ALJ's decision that Plaintiff is not disabled, (2) the ALJ erred when he concluded Plaintiff would be off-task nine percent of the time, and (3) the

8 - OPINION AND ORDER

ALJ erred when he found Plaintiff could perform light work.

**I. Considering the record as a whole, including exhibits submitted for the first time to the Appeals Council, the Commissioner's decision is supported by substantial evidence in the record.**

As noted, the ALJ held a hearing on July 30, 2013. Two days later on August 1, 2013, Plaintiff sustained an injury to her left shoulder while wrestling with her brother. Plaintiff submitted evidence regarding this injury to the Appeals Council. After considering the newly-submitted evidence, the Appeals Council concluded it did not provide a basis to reverse the ALJ's conclusion that Plaintiff is not disabled.

The Ninth Circuit has held

> when a claimant submits evidence for the first time to the Appeals Council, which considers the evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.

*Brewes,* 682 F.3d at 1159-60.

Plaintiff asserts the evidence submitted to the Appeals Council establishes the Commissioner's decision was not based on substantial evidence in the record. Defendant, in turn, contends the new evidence does not establish that Plaintiff suffered a severe medically determinable impairment lasting for at least 12 months and, therefore, the new evidence does not "undermine" the Commissioner's decision that Plaintiff is not disabled.

The newly-submitted evidence reflects Plaintiff sustained an

9 - OPINION AND ORDER

injury to her left shoulder on August 1, 2013, when she was wrestling with her brother.  Tr. 699.  On September 6, 2013, Plaintiff underwent an MRI of her shoulder that reflected:

> Markedly abnormal appearance of the humeral head with severe bone marrow edema centered around the greater tuberosity, which appears impacted or eroded.  In association with probable anteroi1derior labral tear, findings suggest previous shoulder dislocation with an impaction of the humeral head.  However, given the absence of a definitive history of trauma, other possibilities such as osteomyelitis or inflammatory arthropathy would also need to be considered.
>
> Supraspinatus tendinopathy but no evidence of rotator cuff tear.

Tr. 696.  On October 13, 2013, examining physician John Boyle, M.D., reviewed Plaintiff's September MRI and examined Plaintiff.  Dr. Boyle assessed Plaintiff with a "[l]eft anterior labral tear with possibility of a Hill-Sachs lesion although this is typically seen in complete dislocations which she is denying."  Tr. 705.  Dr. Boyle recommended Plaintiff "begin light stretching" and "follow up at her convenience."  Tr. 705.  Dr. Boyle did not recommend surgery or opine Plaintiff's injury was expected to last more than twelve months.  On October 24, 2013, Plaintiff's treating physician, David Huberty, M.D., examined Plaintiff and noted she had "a rather unusual compression type fracture to the posterior lateral aspect of the greater tuberosity. . . . However [Plaintiff] has no significant labral pathology and demonstrates fairly normal stability exam."

10 - OPINION AND ORDER

Tr. 700.  Dr. Huberty noted he did not see "any injury to the rotator cuff tendon" that "require[s] surgical intervention." Dr. Huberty recommended Plaintiff "give this 3 more months to heal with just light activity and gentle stretching."  Tr. 700. Dr. Huberty also recommended Plaintiff take Aleve twice a day for two weeks and return to be seen by Dr. Huberty's physician assistant in three months if necessary.  The record does not reflect Plaintiff visited Dr. Huberty's office or any other treating or examining physician after her October 24, 2013, visit.

The newly-admitted evidence also includes a check-the-box form completed by Plaintiff's naturopath, Alexandra Christopoulos, in which she opined:  "[It] is . . . likely that [Plaintiff's] conditions persisted prior to December 11, 2013." Tr. 714.

As noted, the initial burden of proof rests on the claimant to establish disability.  *Molina*, 674 F.3d at 1110.  To meet this burden, Plaintiff must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Court concludes the newly-submitted evidence does not establish Plaintiff's shoulder injury was a medically determinable impairment that

11 - OPINION AND ORDER

lasted for a continuous period of not less than 12 months. The Court, therefore, concludes the newly-submitted evidence does not establish the Commissioner's decision was not supported by substantial evidence in the record.

## II. Any error by the ALJ when he found Plaintiff would be off-task nine percent of the time and miss one day of work per month was harmless.

As noted, the ALJ found at Step Three that Plaintiff would be off-task nine percent of the time and would miss work one day per month. Plaintiff asserts these findings are unsupported by the evidence.

Molly McKenna, Ph.D., examining psychologist, opined in a check-the-box form that Plaintiff was markedly limited in her ability to "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances" and in her ability to "complete a normal work day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number of rest periods." Tr. 458. The ALJ, however, gave little weight to Dr. McKenna's opinion and Plaintiff does not challenge the ALJ's conclusion related to Dr. McKenna's opinion on appeal. Karen Bate-Smith, Ph.D., examining psychologist, opined Plaintiff "did well on mental control tasks. . . . Pace of the examination was normal. Task persistence was good." Tr. 314. Reviewing psychologist Robert Henry, Ph.D., opined Plaintiff can sustain

12 - OPINION AND ORDER

adequate concentration, persistence, and pace and keep a regular work schedule.  Tr. 331.

To the extent that Plaintiff asserts the ALJ should have found Plaintiff to be off-task more than nine percent of the time or absent more than once a month, the Court concludes on this record that the ALJ's findings as to those limitations are supported by substantial evidence in the record.  To the extent that Plaintiff asserts the ALJ erred when he found any limitations in these areas, the Court concludes that error is harmless because the Ninth Circuit has held including too many restrictions in a plaintiff's RFC is harmless error.  *See Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995)(alleged overinclusion of debilitating factors in an ALJ's hypothetical question is harmless error).

**III. The ALJ did not err when he found Plaintiff could perform light work.**

Plaintiff asserts the ALJ erred when he concluded Plaintiff could perform light work because the ALJ based that conclusion on the October 9, 2009, opinion of examining doctor Melissa Johnson, M.D., who did not have the opportunity to review Plaintiff's April 14, 2010, MRI before providing her opinion.

On April 14, 2010, Plaintiff underwent an MRI that showed a "partial sacralization of the L5 vertebral body."  Tr. 335.  Plaintiff asserts that MRI is "evidence of a low back condition that would potentially cause more severe limitations than those

13 - OPINION AND ORDER

determined by the ALJ."

The ALJ, however, considered both the April 2010 MRI and a June 2013 MRI as well as the other medical evidence in the record in reaching his conclusion that Plaintiff could perform a reduced range of light work.  Plaintiff's assertion that the April 2010 MRI is evidence of a condition that might potentially cause Plaintiff to have more severe limitations is insufficient to meet Plaintiff's burden to establish disability.  The ALJ also relied on numerous clinical findings by Plaintiff's treating, examining, and reviewing physicians to support his conclusion that Plaintiff is able to perform a reduced range of light work.  Tr. 30, 303-5, 359, 636.

The Court concludes on this record that the ALJ did not err when he concluded Plaintiff is capable of performing a reduced range of light work because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

14 - OPINION AND ORDER

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 6th day of June, 2016.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER